OfficerIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MICHAEL J. TAYLOR** § <br> **Plaintiff,** § <br> § <br> **v.** § <br> § <br> **OFFICER C. WOOD**, Individually § <br> and in his Official Capacity; **OFFICER** § <br> **HERNANDEZ**, Individually and in his § <br> Official Capacity; **OFFICER** § <br> **PATTON**, Individually and in his § <br> Official Capacity; **MONTGOMERY** § <br> **COUNTY, TEXAS**; and **SHERIFF** § <br> **DOOLITTLE**, in his Official Capacity, § <br> **Defendants.** § <br> § | **CIVIL ACTION NO.** <br> **4:25-cv-05728** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

**NOW COMES** Plaintiff **MICHAEL J. TAYLOR** ("Plaintiff"), by and through undersigned counsel, and files this *Plaintiff's Original Complaint* against **Officer C. Wood**, **Officer Hernandez**, **Officer Patton**, **Montgomery County, Texas**, and **Sheriff Wesley Doolittle** in his official capacity (collectively, "Defendants"), and would respectfully show the Court as follows:

Plaintiff brings this civil rights action to remedy Defendants' unlawful seizure, false arrest, excessive force, malicious prosecution, and violations of Plaintiff's constitutional

rights arising from an unjustified and needlessly escalated traffic stop. This action seeks to hold Defendants accountable for their unreasonable and unconstitutional conduct, their post-hoc attempt to justify an unlawful arrest, and the resulting physical, emotional, and legal harm suffered by Plaintiff.

For the reasons fully set forth herein, Plaintiff respectfully seeks all legal and equitable relief to which he is entitled under **42 U.S.C. §1983**, the United States Constitution, and applicable federal law.

## I.   INTRODUCTION

1. This civil rights action arises from a routine traffic stop that Montgomery County deputies escalated into an unconstitutional seizure, violent extraction, and baseless arrest of Plaintiff **Michael J. Taylor**. What should have been a simple encounter quickly devolved into unnecessary force, refusal to communicate, and disregard for Plaintiff's clearly established rights.

2. Deputies **C. Wood, Hernandez, and Patton** later attempted to justify their conduct with post-hoc explanations that contradict the reality of the stop, Plaintiff's lack of resistance, and the ultimate dismissal of all charges **in the interest of justice**. Their actions – and Montgomery County's failure to train and supervise them – caused Plaintiff physical injury, property loss, emotional distress, and unwarranted criminal proceedings.

3. Plaintiff brings this action under **42 U.S.C. §1983** to hold Defendants accountable and to remedy these violations of the First, Fourth, and Fourteenth Amendments, as

well as Malicious Prosecution. Plaintiff seeks all legal and equitable relief to which he is entitled.

## II.     JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331 and 1343.

5. Venue is proper because all events giving rise to this lawsuit occurred in Montgomery County, Texas.

## III.     PARTIES

6. Plaintiff **MICHAEL J. TAYLOR** is a resident of Montgomery County, Texas.

7. **OFFICER C. WOOD** may be served at the Montgomery County Sheriff's Office, 1 Criminal Justice Drive, Conroe, Texas 77301, or wherever he may be found.

8. **OFFICER HERNANDEZ** may be served at the Montgomery County Sheriff's Office, 1 Criminal Justice Drive, Conroe, Texas 77301, or wherever he may be found.

9. **OFFICER PATTON** may be served at the Montgomery County Sheriff's Office, 1 Criminal Justice Drive, Conroe, Texas 77301, or wherever he may be found.

10. **MONTGOMERY COUNTY, TEXAS** may be served through the Montgomery County Judge or County Clerk (presumably County Judge Mark Keough and/or County Clerk L. Brandon Steinmann), at 501 N. Thompson Street, Suite 401, Conroe, Texas 77301.

11. **SHERIFF DOOLITTLE**, Sheriff of Montgomery County, is sued in his official capacity and may be served at the Montgomery County Sheriff's Office, 1

Criminal Justice Drive, Conroe, Texas 77301, or wherever he may be found.

## IV. FACTUAL BACKGROUND

12. On November 27, 2023, Plaintiff was stopped by Defendant Wood for an alleged "defective license plate light."

13. Plaintiff's driver-side window was already down, and the passenger window was inoperable. Plaintiff asked the officer to communicate through the open window.

14. Officer Wood refused to communicate clearly, refused to state the reason for the stop, and refused Plaintiff's repeated requests for a supervisor.

15. Rather than de-escalate or provide basic information, Wood summoned Officers Hernandez and Patton. The deputies approached Plaintiff's vehicle carrying a riot shield.

16. Without warning, lawful instruction, or any announcement of arrest, Officer Wood reached inside the vehicle, unlocked and opened the door, and forcibly removed Plaintiff. Hernandez and Patton assisted in taking Plaintiff to the ground.

17. Defendants applied force to Plaintiff's head, temple, back, and wrists, including excessively tight handcuffs. Plaintiff suffered a left shoulder injury and wrist abrasions.

18. Plaintiff was not resisting and posed no threat. Defendants never told Plaintiff why he was being detained.

19. Plaintiff's phone and wallet were taken but not logged into property. Plaintiff was later told his items had been discarded "in the woods."

20. Plaintiff did not learn the charges until his court appearance. The Montgomery County District Attorney dismissed all charges **in the interest of justice**.

## V.     CLAIMS/CAUSES OF ACTION

### A.  FOURTH AMENDMENT – *Unlawful Stop and Detention, Unlawful Arrest, Excessive Force*

21. Defendants lacked reasonable suspicion to prolong or escalate the stop.

22. Defendants lacked probable cause; the dismissal confirms this.

23. The force used was objectively unreasonable under the circumstances.

### B.  FIRST AMENDMENT – *Retaliation*

24. Plaintiff's recording and assertion of rights were substantial motivating factors in Defendants' escalation and arrest.

### C.  FOURTEENTH AMENDMENT – *Due Process / Property Deprivation*

25. Defendants unlawfully seized and failed to safeguard Plaintiff's property.

### D.  MALICIOUS PROSECUTION

26. Defendants initiated criminal charges without probable cause and with malice.

27. Plaintiff suffered a seizure and liberty restraints pursuant to the prosecution.

28. Charges were dismissed in Plaintiff's favor "in the interest of justice."

29. This claim is timely under the federal accrual rule.

### E.  MONELL LIABILITY – *Montgomery County*

30. Montgomery County maintained policies, customs, or practices – including

inadequate training, supervision, reporting, and disciplinary systems – that enabled deputies to escalate minor encounters into violent arrests.

31. These systemic failures reflect deliberate indifference and were the moving force behind Plaintiff's injuries.

## VI.    DAMAGES

32. Plaintiff seeks economic damages, non-economic damages, punitive damages against the individual officers, declaratory relief, injunctive relief, and attorneys' fees and costs under 42 U.S.C. §1988.

## VII.    PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendants be served and required to answer, and that, upon final trial or other disposition, the Court enter judgment in Plaintiff's favor and award all compensatory damages, punitive damages against the individual Defendants, declaratory and injunctive relief, attorneys' fees and costs under 42 U.S.C. §1988, and all further relief to which Plaintiff is justly entitled.

## VIII.    JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims and issues so triable as a matter of right.

11/  /2025                                    Respectfully Submitted,
                                                             */s/Courtney A. Vincent*

**Courtney A. Vincent**
Minnesota Bar No. 0403083
Admitted: **U.S. District Court, Southern District of Texas**
SDTX Bar No. 3746531
info@vincentlawpllc.com
VINCENT LAW, PLLC
1035 Dairy Ashford, Suite 145
Houston, Texas  77079

**Mailing Address:**

P.O. Box 940129
Houston, Texas  77094
Tel: (713) 223-9300
Fax: (832)603-4444
**COUNSEL FOR PLAINTIFF**